**51 PARK PROPERTIES, Appellee,**

v.

**Joanne E. MESSINA and Bruce J. Zehms, a/k/a M. Bruce Zehms, Appellants.**

**51 PARK PROPERTIES, Appellant,**

v.

**Joanne E. MESSINA and Bruce J. Zehms, a/k/a M. Bruce Zehms, Appellees.**

Superior Court of Pennsylvania.

Argued May 18, 1998.
Filed Oct. 28, 1998.

James Esper, Mononogahela, for Messina and Zehms.

Joseph P. Covelli, Pittsburgh, for 51 Park Properties.

Before DEL SOLE, JOYCE and MONTEMURO *, JJ.

DEL SOLE, Judge:

This action was initiated by 51 Park Properties (Landlord) against Joanne E. Messina and Bruce M. Zehms, a/k/a M. Bruce Zehms (Tenants) seeking eviction/ejection and mon-

* Retired Justice assigned to the Superior Court.

ey damages for nonpayment of rent and violation of mobile home park rules. Tenants filed a counterclaim against Landlord alleging damages for breach of a verbal contract to prepare a mobile home site. A jury trial was held before a Special Master. At the conclusion of Tenant's case, a directed verdict on the issue of ejectment was entered in favor of Landlord. The jury returned a verdict in favor of Landlord on damages awarding $4,197 in back rent.

Tenants filed a motion for post-trial relief. Following briefing and oral argument, an order was entered upholding the directed verdict on ejectment, but granting a new trial on damages on the basis of one error of law: the admission of testimony from Tenants' former landlord regarding their prior landlord/tenant litigation. Thereafter, Tenants filed a motion for reconsideration on the ejectment issue, based on amendments to the Pennsylvania Landlord/Tenant Act, claiming the amendment gave mobile home park residents a perpetual lease. The judge, holding that the amendments to the Act could not be applied retroactively, denied that motion. Both parties filed timely appeals. We affirm.

■ First, Tenants claim that the trial court erred in directing a verdict in favor of Landlord on the issue of ejectment. Initially, they argue the existence of an oral lease was an issue of fact, which should have gone to the jury. In this Commonwealth, a directed verdict may be granted only where the facts are clear and there is no room for doubt. *Forgang v. Universal Gym Co.*, 423 Pa.Super. 416, 621 A.2d 601 (Pa.Super.1993). In deciding whether to grant a motion for a directed verdict, the trial court must consider the facts in the light most favorable to the nonmoving party and must accept as true all evidence which supports that party's contention and reject all adverse testimony. *Brown v. Philadelphia Asbestos Corp.*, 433 Pa.Super. 131, 639 A.2d 1245 (Pa.Super.1994).

■ A review of the evidence at trial fails to establish the existence of any type of lease between the parties, either written or oral. Tenant Zehms' own testimony indicates that Tenants had an oral agreement to enter into a lease at a future date and Tenants were under no obligation to sign the lease as pre-

sented to them by Landlord. More interestingly, Tenant Zehms testified that Tenants felt that they had the option to find another place to live if they did not like the contents of Landlord's lease. N.T. 10/25–27/95 at 333–335. As the court explained in granting the directed verdict:

... at best, what [Tenants] have proved [sic] through the testimony of Mr. Zehms who testified in answer to the Court's questions that the agreement was for him and his wife to execute a written lease, but that the written lease was not tendered.

He also indicated that in answer to the Court's questions, that he would not have simply signed whatever lease was provided or whatever written lease was provided to him by the [Landlord]. There would be further negotiations, and he also stated that he would not have signed just any old lease.

So at best what [Tenants] has [sic] proved is an oral agreement to enter into a lease, not an oral lease.

N.T. 10/25–27/95 at 539–540.

Consequently, Tenants' argument that an oral lease existed fails and we find the trial court properly granted the motion for a directed verdict.

In addition, Tenants argue that the trial court erred in denying a new trial on ejectment after refusing to compel certain witnesses to attend and testify. Prior to trial, Tenants served Notices to Attend on Landlord partners, Larry Saliterman and Robert Larson, both of Minnesota. Landlord filed a Motion for Protective Order for both partners which was denied. However, neither partner appeared at trial as the court excused them from testifying the day before they were to arrive. Tenants claim that the testimony of the partners was necessary to establish the existence of an oral year-to-year lease with automatic renewal, which agreement was allegedly entered into after Tenants negotiated with one of Landlord's representatives.

■ We are mindful that competent relevant evidence having probative value is generally admissible and this court on appeal

will accord a large measure of discretion to the trial court regarding its admission or exclusion. *See Engle v. West Penn Power Co.*, 409 Pa.Super. 462, 598 A.2d 290 (Pa.Super.1991). The trial transcript indicates the partners had airline reservations to attend the trial but, the day before the flight, the court determined that the partners' testimony was irrelevant. N.T. 10/25–27/95 at 330–331. The court explained Tenants only pled they had an agreement with Landlord's representative, not a subsequent agreement with the partners, and Tenant Zehms testified accordingly. N.T. 10/25–27/95 at 305–306, 450–451. Therefore, in light of these facts the testimony of the partners would have been irrelevant and the court did not abuse its discretion in refusing to compel the appearance of the two witnesses.

■ In addition, Tenants claim the trial court erred in refusing to apply retroactively the 1996 amendments to the Landlord/Tenant Act in order to vacate the directed verdict. In 1996, after Tenants' trial, and in response to Pennsylvania caselaw, the Pennsylvania Legislature passed amendments to 68 P.S. § 250.501 which essentially serve to preclude the ejectment of a mobile home park tenant at the end of a lease. In refusing to apply the amendments retroactively, the trial court properly concluded that under the laws of statutory construction, new provisions are construed as effective only from the date the amendment became effective. 1 Pa.C.S.A. § 1953. Moreover, Tenants cite no authority in support of applying the amendment retroactively.[1] Therefore, a new trial on this basis is not appropriate.

■ Next, Landlord challenges whether the trial court properly granted a new trial on damages. The decision to order a new trial is one that lies within the discretion of the trial court. On appeal, our scope of review is limited to those reasons upon which the trial court relied: we consider whether any of the trial court's reasons for granting a new trial have merit and if so, defer to that decision. *Nogowski v. Alemo–Hammad*, 456 Pa.Super. 750, 691 A.2d 950 (Pa.Super.1997).

■ The new trial was granted after Judge Stassburger determined the Special Master committed reversible error by permitting Tenants' prior landlord to testify concerning previous landlord/tenant litigation. The testimony was initially admitted to show Tenant Zehms' credibility. However, a review of the transcript proves that Landlord continually questioned the previous landlord regarding: Tenants' failure to pay rent, the subsequent eviction attempt, the filing of a legal action against Tenants, Tenants' filing of a counterclaim, the securing of a court order for eviction, Tenants' eventual vacating of the property, and the landlord's receipt of a monetary judgment against Tenants. N.T. 10/25–27/95 at 220–228. We agree with Judge Strassburger that the testimony of Tenant's prior landlord went beyond that necessary to determine Tenant's credibility and a new trial on damages is necessary.

In addition to the above issue upon which a new trial on damages was granted, Tenants raise four issues they claim are also the basis for a new trial on damages but were not addressed by the trial court.[2] However, these issues are beyond our scope of review, as the trial court did not rely upon them in granting the new trial as to damages. *Id.* The trial court opinion specifically states: "A new trial was granted because the Special Master committed reversible error by permitting Mr. Zehms' prior landlord, Charles Bennett, to testify about their prior land-

---

1. Even if this amendment were applied retroactively, it would be to no avail for Tenants. As Tenants' brief admits, the amendment specifically deals with the issue of ejectment at the termination of a lease. Tenants' brief at 11. Here, Tenants failed to prove, as a matter of law, the existence of a valid lease, either written or oral. Consequently, the amended statute would not apply.

2. The four additional issues presented in Tenants' brief are: (a) whether a new trial on dam-

ages should be granted because of Landlord's failure to bring suit in the name of the partners; (b) whether a new trial on damages should be granted because of Landlord's collection of rent in absence of a writing; (c) whether a new trial on damages should be granted because of time constraints placed on the trial; and (d) whether a new trial on damages should be granted because Tenants claimed inability to respond to Landlord's second amended complaint.

lord/tenant litigation." Trial Court Opinion, 12/20/96 at 6–7. In light of our decision affirming the trial court award of a new trial as to damages, we find no reason to discuss other grounds cited by Tenants in support of relief, which they have already been afforded. Thus, we conclude these issues are moot.

Orders affirmed.