J-A05007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW COLEMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| KELLY LACKNER | : | |
| | : | |
| Appellant | : | No. 1117 WDA 2016 |

Appeal from the Judgment Entered July 22, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  AR-15-004288

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 14, 2017**

Appellant, Kelly Lackner, appeals *pro se* from the judgment entered in the Allegheny County Court of Common Pleas, in favor of Appellee, Andrew Coleman, in this landlord-tenant action.  We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant and Appellee, respectively landlord and tenant, entered into a one-year residential lease agreement on December 15, 2013.  On March 30, 2015, Appellee filed a *pro se* landlord-tenant complaint for Appellant's failure to return Appellee's $800.00 security deposit and provide Appellee written notice of any alleged damages to the premises.  On August 4, 2015, the district magistrate entered judgment in favor of Appellee and against Appellant in the amount of $1,600.00, plus costs.

Appellant filed a timely *pro se* notice of appeal in the Allegheny County Court of Common Pleas arbitration division on September 2, 2015.  On

October 4, 2015, Appellee filed a *pro se* complaint against Appellant in the Allegheny County Court of Common Pleas. Neither party appeared for the scheduled arbitration hearing on December 10, 2015. On December 15, 2015, the court dismissed the matter. Appellee filed a motion to reinstate the case on January 6, 2016. That same day, the court vacated its December 15th order and permitted the case to proceed on the merits to arbitration. On January 13, 2016, Appellant filed a "motion to strike order vacating dismissal" and a "motion to dismiss the case for fraud on the court," and the court denied both motions. On January 19, 2016, following arbitration, the arbitrators entered an award in favor of Appellee and against Appellant in the amount of $1,600.00. Appellant filed a timely *pro se* appeal from the arbitrators' award on February 9, 2016. On June 29, 2016, Appellant filed a counterclaim against Appellant.

The parties proceeded to a bench trial on June 30, 2016. On July 1, 2016, the court entered a verdict in favor of Appellee and against Appellant in the amount of $1,400.00, plus costs. After the time to file post-verdict motions had expired, Appellee filed a *praecipe* for entry of judgment on July 22, 2016, and the court entered judgment on the verdict. On August 1, 2016, Appellant filed untimely post-trial motions and a *pro se* notice of appeal. On August 8, 2016, the court denied Appellant's post-trial motions and ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Appellant timely complied on August 15,

2016. On August 16, 2016, the court ordered Appellant immediately to order, pay for, and obtain the June 30th trial transcript. Appellant failed to comply; and the certified record contains no trial transcript.

Appellant raises the following issues for our review:

DID [APPELLEE] BREACH [THE] LEASE FORFEITING HIS DEPOSIT?

DID [THE] COURT ABUSE ITS DISCRETION ALLOWING [APPELLEE] TO DISREGARD RULES 212.2[,] 206, 440, 1019, 1024, 1028, 1030, [AND] 1032 OF CIVIL PROCEDURE?

DID [THE] ARBITRATORS IMPROPERLY DECLINE TO EXAMINE [APPELLEE'S] UNSIGNED [COMPLAINT], [APPELLANT'S] UNANSWERED PRELIMINARY OBJECTIONS, [AND THE] LEASE CONTRACT?

DID [THE COURT] IMPROPERLY DENY [APPELLANT'S] MOTION TO STRIKE ITS COURT ORDER VACATING DISMISSAL [DUE TO APPELLEE]/COURT CLERK FRAUD UPON THE COURT?

DID [THE] NON-JURY VERDICT BY [THE COURT] IMPROPERLY DISREGARD THE LEASE CONTRACT LANGUAGE IN FAVOR OF VAGUE CREDIBILITY CALLS?

DID [THE COURT] IMPROPERLY DISALLOW THE CONTINUANCE OR DISMISSAL MOTIONS?

[WAS THE COURT'S] VERDICT FAVORING [APPELLEE'S] CREDIBILITY CONTRARY TO THE EVIDENCE?

DID [THE COURT] UNJUSTLY REFUSE TO EXAMINE [APPELLANT'S] PRELIMINARY OBJECTIONS TO [APPELLEE'S] ANSWER [TO APPELLANT'S COUNTERCLAIM] AFTER RUSHING FOR [A] NON-JURY VERDICT?

(Appellant's Brief at 8).

As a prefatory matter, we must determine whether Appellant properly

preserved her issues for review, which implicates the following principles. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 602 Pa. 147, 977 A.2d 1170 (2009) (citing **Commonwealth v. Wholaver**, 588 Pa. 218, 903 A.2d 1178 (2006), *cert. denied*, 549 U.S. 1171, 127 S.Ct. 1131, 166 L.Ed.2d 900 (2007) (stating: "This Court may *sua sponte* determine whether issues have been properly preserved for appeal")); **Hall v. Owens Corning Fiberglass Corp.**, 779 A.2d 1167, 1169 (Pa.Super. 2001) (stating: "Post-trial relief may not be granted unless the grounds for such relief are specified in the post-trial motion"). Following trial, an appellant must file post-trial motions within ten days after the court enters a verdict. Pa.R.C.P. 227.1(c); **51 Park Properties v. Messina**, 720 A.2d 773 (Pa.Super. 1998), *appeal denied*, 558 Pa. 632, 720 A.2d 773 (1999) (demonstrating rule on post-verdict motions filed after trial in landlord/tenant case). Issues not raised in post-trial motions are waived. **Agostinelli v. Edwards**, 98 A.3d 695, 700 (Pa.Super. 2014), *appeal denied*, 631 Pa. 734, 113 A.3d 278 (2015).

Pennsylvania Rule of Civil Procedure 227.4 sets forth circumstances where the prothonotary shall enter judgment upon the *praecipe* of a party and states in pertinent part:

> **Rule 227.4. Entry of Judgment upon Praecipe of a Party.**
>
> In addition to the provisions of any Rule of Civil Procedure of Act of Assembly authorizing the prothonotary to enter judgment upon *praecipe* of a party…the prothonotary shall,

upon *praecipe* of a party:

(1) enter judgment upon…the decision of a judgment following a trial without jury, if

(a) no **timely** post-trial motion is filed….

Pa.R.C.P. 227.4(1)(a) (emphasis added). Additionally, Rule of Appellate Procedure 1701 enumerates the actions a trial court has authority to perform once a party initiates an appeal and states in relevant part as follows:

**Rule 1701. Effect of Appeal Generally**

**(a) General rule**. Except as otherwise prescribed by these rules, after an appeal is taken…, the trial court…may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken…, the trial court…may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court…within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of

such prior order is filed in the trial court…within the time prescribed by these rules for the filing of a notice of appeal…with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(a), (b)(1)-(3).  In other words, once a party files a notice of appeal, the trial court generally lacks jurisdiction to act further on the merits of the case.  Pa.R.A.P. 1701(a).  Specifically, after a party files a notice of appeal, the court lacks authority to consider untimely post-trial motions. ***D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 920 (Pa.Super. 2013).  After a notice of appeal has been filed, the court's denial of a post-trial motion is a nullity.  ***Ostrowski v. Pethick***, 590 A.2d 1290, 1292 (Pa.Super. 1991) (citing Pa.R.A.P. 1701(a)).

Issues not raised in a Rule 1925 concise statement of errors will be deemed waived.  ***Linde v. Linde Enterprises, Inc.***, 118 A.3d 422, 430 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 129 A.3d 1243 (2015).  If a concise statement is too vague, the court may find waiver and disregard any argument.  ***Id.***  "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*."  ***Commonwealth v. Hill***, 609 Pa. 410, 428, 16 A.3d 484, 494 (2011).

Finally, the appellant has the responsibility to provide a complete record for review.  ***Conner v. DaimlerChrysler Corp.***, 820 A.2d 1266, 1273 (Pa.Super. 2003).  This Court is limited to considering only those materials which have been certified in the record on appeal.  Pa.R.A.P. 1921;

***See also Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.***, 804 A.2d 31, 34 (Pa.Super. 2002) (stating: "[T]hose documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent") (quoting ***D'Ardenne v. Strawbridge & Clothier, Inc.***, 712 A.2d 318, 326 (Pa.Super. 1998), *appeal denied*, 557 Pa. 647, 734 A.2d 394 (1998)). Where a claim is dependent upon materials not provided in the certified record, the claim is waived. ***Stewart v. Owens-Corning Fiberglas***, 806 A.2d 34, 37 n.3 (Pa.Super. 2002) (stating: "The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined"). Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, this Court have said:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). … When the appellant…fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007). "When the appellant has failed to preserve issues for appeal, the issues are waived, and the…court's order is more properly 'affirmed.'" ***In re K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (noting when appellant has waived issues on

appeal, this Court should affirm trial court's decision, not quash appeal).

Instantly, the court entered its verdict on July 1, 2016. Twenty-one days later, after expiration of the ten-day period to file post-verdict motions, Appellee filed a *praecipe* on July 22, 2016, to enter judgment on the verdict; and the court entered judgment on the verdict. Appellant later filed her post-verdict motion on August 1, 2016, beyond the ten-day deadline of Pa.R.C.P. 227.1(c). On the same day, Appellant also filed a notice of appeal. Although Appellee did not object to the untimeliness of Appellant's post-trial motions, the trial court denied the motions on August 8, 2016.[1] If the court considered Appellant's post-trial motions, it lacked authority to do so, once Appellant filed a notice of appeal. **See** Pa.R.A.P. 1701(a); **D.L. Forrey & Associates, Inc., supra**. Thus, Appellant's failure to file timely post-trial motions constitutes waiver of her issues on appeal. **See** Pa.R.C.P. 227.1(c).

Additionally, in her Rule 1925(b) statement, Appellant failed to include any issue regarding Appellee's breach of the lease, the court's disregard of several Rules of Civil Procedure, the arbitrators' award, and the court's disregard of the lease language. Accordingly, Appellant specifically waived for our review her first, second, third, and fifth issues on that basis as well. **See Linde, supra**.

Finally, Appellant failed to ensure we had the complete record

---

[1] In its order filed August 8, 2016, the trial court denied Appellant's post-trial motions without explanation.

necessary for appellate review. Appellant did not comply with the trial court's order to obtain the trial transcript and include it in the certified record. Without the trial transcript, we cannot conduct meaningful appellate review of Appellant's issues. Accordingly, Appellant specifically waived for our review her first, third, fifth, and seventh issues on this basis also. ***See Conner, supra***; ***Preston, supra***. Based on the foregoing, Appellant waived all of her issues for appellate review. Accordingly, we affirm.

Judgment affirmed. Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017