J-S09030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PHH MORTGAGE CORPORATION | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH JANE MORROW | : | |
| | : | |
| Appellant | : | No. 1134 MDA 2017 |

Appeal from the Order June 3, 2015
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s):  No. CP-31-1296-2010

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 26, 2018**

Appellant Deborah Jane Morrow appeals from the order granting summary judgment in favor of Appellee, PHH Mortgage Corporation ("PHH"), in the mortgage foreclosure action it brought against Morrow. Because Morrow's failure to conform to the Pennsylvania Rules of Appellate Procedure has precluded us from conducting a meaningful review of her claims, we dismiss the appeal.

PHH filed a Complaint in Mortgage Foreclosure on September 1, 2010. PHH alleged that Morrow executed a mortgage ("Mortgage") on her property in Shade Gap, Pennsylvania[1] in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for ERA Home Loans" ("ERA") in July

---

*Retired Senior Judge assigned to the Superior Court.

[1] PHH asserts, and Morrow does not dispute, that the mortgaged property is not her primary residence. **See** N.T., 5/27/15, at 2.

2007. According to the Complaint, PHH was "the legal owner of the [M]ortgage" and "in the process of formalizing an assignment" of the Mortgage. PHH did not attach a copy of the Mortgage document or any assignment to the Complaint, but asserted that those documents were incorporated by reference, as matters of public record, pursuant to Pa.R.C.P. 1019(g).[2]

Morrow, who has been *pro se* throughout the proceedings below and remains so on appeal, filed "Responses and Affirmative Defenses." In the first 27 pages of this document, Morrow did not respond point for point to the numbered paragraphs in PHH's Complaint, but did state that "Morrow denies generally and specifically each and every allegation contained in PHH's complaint and demands strict proof thereof." Responses and Affirmative Defenses at 12. In the remaining 140 pages, Morrow raised 161 affirmative defenses as new matter.

PHH filed a Reply, and attached, as an exhibit, a copy of the original Mortgage document. PHH also attached a document titled "Assignment of Mortgage," executed on July 28, 2010, and notarized on July 30, 2010, which states that MERS, as nominee for ERA, and as holder of the Mortgage, assigns

---

[2] "A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county." Pa.R.C.P. No. 1019(g).

the Mortgage and Note to PHH. It was signed by the Assistant Secretary and Vice President for MERS and notarized.

PHH thereafter filed a Motion for Summary Judgment. In the Motion, PHH stated that in addition to the 2010 assignment, "[a] subsequent Assignment was recorded on June 27, 2014 . . . to confirm the prior assignment and verify signing authority." Motion for Summary Judgment at ¶ 5. A copy of the 2014 assignment was attached as an exhibit. Morrow filed an Opposition to PHH's Motion for Summary Judgment, and the court heard oral argument on May 27, 2015. The court entered an order granting summary judgment in favor of PHH and entering *in rem* judgment against Morrow, with judgment due in the amount of $184,786.21 (plus interest and costs). Morrow filed a *pro se* notice of appeal to the Commonwealth Court of Pennsylvania.

The trial court ordered Morrow to file a concise Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b); Morrow filed a Statement raising 91 issues. Due to the large number of issues, the trial court, in its Pa.R.A.P. 1925(a) opinion, declined to respond to any specific issues asserted by Morrow, and instead concluded (1) that Morrow, in her Answer, did not plead specific facts in response to the allegations in the Complaint concerning the amount due, and therefore her responses can be deemed as admissions, and (2) that Morrow did not carry her burden to demonstrate facts that would create a genuine issue for trial.

Following a motion by PHH, and over Morrow's objection, the Commonwealth Court transferred the appeal to this Court.[3]

We may reverse an entry of summary judgment only if "the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgement as a matter of law." **Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa.Super. 2016) (citation omitted), *appeal denied*, 166 A.3d 1215 (Pa. 2017). "[A] mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." **Id.** at 859 (quotation marks and citation omitted).

Our review of a trial court's determination in any given case is steered by the brief and reproduced record filed by the appellant. We are derailed in our consideration of Morrow's issues in the instant appeal due to her failure to abide by the Rules of Appellate Procedure.

First, Morrow's appellate brief does not contain the sections mandated by Pa.R.A.P. 2111(a). She does not include a section labeled "Statement of the questions involved," **see** Pa.R.A.P. 2116, and the section most appropriately bearing that name is instead labeled "Issues Pertaining to the Assignment of Error." In that section, she states the issues as follows:

---

[3] We recount only an abbreviated procedural history, in large part due to Morrow's failure to provide a full one.

- 4 -

1. In regards to issues raised under a TILA rescission, whether the CP Court had jurisdiction to grant judgment to enforce on a note and mortgage void by operation of law since October 2007; when a unanimous decision of the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed[.] 2d 650 (2015) renders such a judgment in favor of PHH as unlawful and inequitable since the CP Court failed to have jurisdiction?

2. Whether the Appellant should be granted relief from judgment when extraordinary circumstances exist including: the United States Supreme Court's resolution of unsettled law in *Jesinoski* and PHH's failure to recognize *Jesinoski*; that PHH was never a proper and correct party to the proceeding; and equity favors the grant of relief from judgment?

Morrow's Br. at 1 (emphasis added). The section labeled "Statement of the Case" does not provide a chronological narration of the relevant facts, *see* Pa.R.A.P. 2117(a),[4] or specify where her issues were raised before the trial court, *see id.* at (c), but rather contains her legal argument, which is carried over into sections labeled "Other Issues Raised" and "Jurisdiction." The argument also therefore fails to conform to Pa.R.A.P. 2119, which states that the argument shall be divided in a way corresponding to the questions presented. There is no other "Statement of jurisdiction," that conforms with Pa.R.A.P. 2114, and no "Summary of argument," as required by Pa.R.A.P. 2118. Finally, Morrow does not attach a copy of her Pa.R.A.P. 1925(b) statement, in contravention of Pa.R.A.P. 2111(a)(11) and (d), or the Pa.R.A.P.

---

[4] For example, at various points in her argument, Morrow references a bankruptcy proceeding in California, and an attempted rescission of her mortgage in 2007, without providing any details.

1925(a) opinion entered by the trial court, in contravention of Pa.R.A.P. 2111(b).

Second, Morrow's reproduced record, in three volumes, contains numerous documents which are not identifiable as chronological docket entries or related pleadings. *See* Pa.R.A.P. 2152(a), 2153; *see also First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa.Super. 1999) ("It is a well settled principle that appellate courts may only consider facts which have been duly certified in the record on appeal"). Morrow also failed to serve PHH with a designation of the parts of the record she intended to reproduce for review. *See* Pa.R.A.P. 2154(a).

Third, Morrow's Statement of Errors, which, again, was not attached to her brief as required, does not conform to the requirements of Pa.R.A.P. 1925(b). That rule mandates that a Statement "shall **concisely** identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge," and "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added), (iv). As we have stated above, her failure to conform to this rule prevented the trial court from discerning any articulable issues, which resulted in an overly general and unhelpful 1925(a) opinion.

Due to these failings, PHH requests we dismiss this appeal. Pursuant to Pa.R.A.P. 2101, we may dismiss or quash an appeal when substantial defects exist in the brief and reproduced record. *See also* Pa.R.A.P. 2188 (an appeal

may be dismissed based on appellant's failure to file a designation of reproduced record). In addition, failure to comply with Rule 1925(b)(4) will result in waiver of all issues, *see* 1925(b)(4)(vii), particularly where "the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." ***Karn v. Quick & Reilly Inc.***, 912 A.2d 329, 335 (Pa.Super. 2006); ***see also Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009) (finding waiver of all issues where "voluminous" Rule 1925(b) Statement raising 76 issues made it impossible for the trial court to provide comprehensive analysis). While we will liberally construe materials filed by a *pro se* appellant, a *pro se* appellant must still conform to the rules. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). "[W]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942-43 (Pa.Super. 2006) (citation omitted); ***see also Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa.Super. 2008) ("[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review").

We are constrained to conclude that Morrow's failure to conform to the rules is substantial, and has hindered both the trial court and this Court in our ability to discern the issues on appeal and provide meaningful review.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/26/18