977 A.2d 1170

Louis and Jacqueline TUCKER, h/w and Christina Tucker, by Her Parents and Guardians, Louis and Jacqueline Tucker, Appellants

v.

R.M. TOURS a/k/a Richard Moss Tours, Ltd. a/k/a Richard Moss Travel and Tour Agency and Apple Vacations and Leisure Travel & Tours Co., Ltd., Appellees.

Supreme Court of Pennsylvania.

Argued April 14, 2009.

Decided Aug. 21, 2009.

148

John F. O'Brien, III, O'Brien & O'Brien Associates, Plymouth Meeting, for Louis and Jacqueline Tucker, h/w and Christina Tucker.

Andrew Jamison Gallogly, Margolis Edelstein, Philadelphia, for Apple Vacations.

Sean V. Kemether, Kelly Grimes Pietrangelo & Vakil, P.C., Media, for Leisure Travel & Tours Co., Ltd.

Before: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## OPINION

Justice EAKIN.

After the trial court entered judgment in this case, appellants timely appealed to the Superior Court. The trial court ordered appellants to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).[1] Appellants filed a timely Rule 1925(b) statement which was far from concise, being 16 pages long with 14 attached exhibits. The trial court found it "unworkable" and *sua sponte* ordered appellants to file an amended Rule 1925(b) statement. Appellants filed an amended statement, which reduced the original statement, but only by half, being eight pages plus exhibits. The trial court opined on 11 issues, but concluded appellants waived their appellate rights by failing to concisely identify issues in either Rule 1925(b) statement.

The Superior Court agreed the original Rule 1925(b) statement was unworkable, as "[a]ppellants raised a voluminous

---

1. This case predated the amendments to Pa.R.A.P. 1925, effective July 25, 2007, as well as the additional amendments of February, 2009. The applicable rule provided:

 The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.
 Former Pa.R.A.P. 1925(b).

number of lengthy issues" which breached their "duty of good faith and fair dealing with the Court and constitute[d] a course of misconduct which is designed to 'undermine the Rules of Appellate Procedure.'" *Tucker v. R.M. Tours*, 939 A.2d 343, 346–47 (Pa.Super.2007) (quoting *Kanter v. Epstein*, 866 A.2d 394, 402 (Pa.Super.2004)). The court also found the amended statement did not cure the problem. Thus, the Superior Court determined appellants waived the issues in both statements.

However, the Superior Court further held the trial court could not *sua sponte* direct appellants to file a second Rule 1925(b) statement. The Superior Court noted this Court has prohibited trial courts from *sua sponte* accepting untimely Rule 1925 statements. *Id.*, at 347 (citing *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 778 (2005)). The Superior Court feared that, confronted with a long and confusing Rule 1925(b) statement, one trial judge may order a new statement while another may find waiver. To prevent such inconsistent results, the Superior Court announced a new bright-line rule forbidding trial courts *sua sponte* ordering new Rule 1925(b) statements.

■ We granted allowance of appeal limited to the issue of whether "a trial court that has received a timely but unclear Statement of Errors Complained of on Appeal [may] request a second, clearer Statement[.]" *Tucker v. R.M. Tours*, 598 Pa. 543, 958 A.2d 496, 497 (2008) (Table). This is a purely legal question; thus, our standard of review is *de novo* and our scope of review is plenary. *In re Milton Hershey School*, 590 Pa. 35, 911 A.2d 1258, 1261 (2006).

Appellants argue our courts have allowed supplemental Rule 1925(b) statements when "proper to preserve rights or clarify issues." Appellants' Brief, at 12. Appellants note the Superior Court has allowed trial courts to accept untimely filed Rule 1925(b) statements.[2] Further, appellants observe the Superior Court has remanded criminal cases for the filing

---

**2.** Appellants cite cases predating *Castillo*, where we held courts may not accept untimely Rule 1925 statements; appellants do not discuss *Castillo*.

of a second Rule 1925(b) statement when defense counsel failed to file a substantive Rule 1925(b) statement. *See, e.g., Commonwealth v. McBride*, 957 A.2d 752, 758–59 (Pa.Super.2008) (remanding for filing of new Rule 1925(b) statement because trial counsel did not file Rule 1925(b) statement); *Commonwealth v. Myers*, 897 A.2d 493, 496 (Pa.Super.2006) (same).

Appellee Leisure Travel agrees the trial court acted within its proper discretion in ordering a more concise Rule 1925(b) statement. Leisure Travel notes Pa.R.A.P. 1701[3] generally divests a trial court of jurisdiction once an appeal has been filed, but does not prohibit the court from preparing a case for appeal, and expressly authorizes a trial court to "take other action permitted or required by these rules or otherwise ancillary to the appeal...." Leisure Travel's Brief, at 6 (quoting Pa.R.A.P. 1701(b)(1)). Leisure Travel argues, however, that even if there was error in ordering a second Rule 1925(b) statement, it was harmless because the Superior Court found both Rule 1925(b) statements did not concisely identify the issues, thus waiving all of appellants' claims.

Appellee Apple Vacations agrees that even if the Superior Court erroneously determined a trial court may not *sua sponte* order a supplemental Rule 1925(b) statement, such a

**3.** Pennsylvania Rule of Appellate Procedure 1701 provides:

(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

* * *

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

Pa.R.A.P. 1701.

holding was harmless here. Apple Vacations argues the Superior Court properly established a bright-line rule against trial courts *sua sponte* ordering second Rule 1925(b) statements to prevent inconsistent results arising from the "'inconsistent application of discretion. . . .'" Apple Vacation's Brief, at 16 (quoting *Castillo,* at 779) (emphasis removed).

Rule 1925(b) is an integral part of our appellate practice, but the jurisprudence surrounding it has been muddled. *See Eiser v. Brown & Williamson Tobacco Corporation,* 595 Pa. 366, 938 A.2d 417, 419 (2007) (plurality) (consternation over when Rule 1925(b) statement is sufficiently prolix to waive party's appellate rights). In fact, 30 days after the Superior Court's decision here, this Court suggested a trial court has the discretion to order a second Rule 1925(b) statement. *See id.,* at 426 (quoting Eiser's Brief, at 35) ("'[T]he trial court could have ordered . . . a 'more concise' statement.'"); *id.,* at 432 n. 3 (Castille, J., dissenting) (trial court has power to order appellant to file more concise Rule 1925(b) statement). The conflict between the Superior Court's pronouncement and *Eiser* does nothing to help the confusion.

The Superior Court reasoned that allowing trial courts to order second Rule 1925(b) statements *sua sponte* may lead to inconsistent results, citing *Castillo,* at 779. However, reliance on *Castillo* is misplaced, because *Castillo* concerned an untimely statement, not a prolix statement. *See Castillo,* at 779 ("Allowing for discretion regarding timeliness will result in inconsistencies."). The deadline for filing a Rule 1925(b) statement is unambiguous, as a trial court's order specifies how much time an appellant has to file a Rule 1925(b) statement—it is either timely or it is not, and no amendment will render an untimely statement timely. However, whether a statement is sufficiently clear and concise is not so definitive, and may be curable; the flaw is not necessarily fatal, and trial courts act properly within their discretion if they choose to order clarification of a timely filed statement.

When a trial court's decision is appealed, a trial court must file an opinion explaining its decision, to facilitate appel-

late review. Pa.R.A.P. 1925(a). Rule 1925(b) authorizes the trial court to require an appellant to identify the issues on appeal, so the trial court may appropriately draft its opinion.[4] Allowing the court to seek clarification of a non-concise statement is a salutary practice, designed to effectuate appropriate appellate review.

That said, any amended or supplemental statement filed after the time provided in the original order may not raise issues not contained in the original statement. Our holding today permits clarification, not addition, and issues not timely raised in the original statement are waived.

Here, the trial court's *sua sponte* order directing appellants to file a second Rule 1925(b) statement was merely enforcing its initial Rule 1925 order. By ordering a more concise Rule 1925(b) statement, the court employed a "reasonable alternative[ ] short of the drastic sanction of outright dismissal." *Eiser*, at 429 (Saylor, J., concurring). We note generally, a trial court may not proceed on a matter after an appeal has been taken. Pa.R.A.P. 1701(a). However, absent supersedeas or a stay, a court may enforce its orders upon the parties while an appeal is pending. *See, e.g.,* Pa.R.A.P. 1701(b)(2); *In re Griffin*, 456 Pa.Super. 440, 690 A.2d 1192, 1200 (1997) (trial court properly imposed sanctions for violations of its orders which occurred while appeal was pending); *Tanglwood Lakes Community Association v. Laskowski*, 420 Pa.Super. 175, 616 A.2d 37, 39 (1992) (trial court has authority to impose sanction to force party to comply with its order, despite pendency of appeal). Specifically applicable to this case, a trial court may further develop the record to facilitate appellate review. *See, e.g.,* Pa.R.A.P. 1701(b)(4) (authorizing trial court, notwithstanding appeal, to take testimony and authorize depositions);

4. This Court has recognized Rule 1925(b) "remains necessary to [e]nsure trial judges in each appealed case [have] the opportunity to opine upon the issues which the appellant intends to raise, and thus provide [the] appellate courts with records amendable to meaningful appellate review." *Castillo*, at 779. Permitting the trial court to *sua sponte* order a second Rule 1925(b) statement furthers this purpose, because it enables clarification of the issues the appellant actually raised, enabling the trial court to prepare an opinion responsive to those issues.

*Commonwealth v. Johnson,* 556 Pa. 216, 727 A.2d 1089, 1094 n. 2 (1999) (lauding trial court for holding post-appeal evidentiary hearing on issue being appealed, thus facilitating appellate review).

█ Accordingly, we hold, when confronted with a nonconcise Rule 1925(b) statement, a trial court has the discretion to *sua sponte* direct an appellant to file a second Rule 1925(b) statement. The Superior Court found appellants' first Rule 1925(b) statement prolix to the extent it breached the duty of good faith to the court, and concluded appellants' second statement was prolix to the point of finding waiver. We did not grant allocatur on the propriety of these findings, and will not disturb them. Therefore, while we reject the notion the trial court may not order an amended statement, we affirm the Superior Court's disposition.

The judgment of the Superior Court is affirmed.

Jurisdiction relinquished.

Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD, McCAFFERY and GREENSPAN join the opinion.