J. S07031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COLIN J. MOSHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROSSANA QUATTROCCHI, | : | No. 173 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Decree, December 8, 2016,
in the Court of Common Pleas of Bucks County
Family Division at No. A06-10-60566-DQYR

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 16, 2018**

Rossana Quattrocchi ("Wife") appeals ***pro se*** from the December 8,
2016 divorce decree entered by the Court of Common Pleas of Bucks
County.  For the following reasons, we dismiss Wife's appeal.

The trial court provided the following relevant procedural history:

> On January 4, 2017, [Wife] filed a Notice of Appeal
> with the Superior Court of Pennsylvania from the
> Divorce Decree of the Court of Common Pleas and
> Equitable Distribution Order entered on December 8,
> 2016 as well as this Court's Order of the same date
> denying and dismissing her Petition to Enforce the
> Marital Agreement. . . .
>
> [Wife] filed a Concise Statement on January 30,
> 2017, consisting of thirty-three enumerated
> paragraphs which were anything but concise, and a
> "Supplemental Concise Statement" on February 3,
> 2017, consisting of thirty-three (33) enumerated
> single-spaced paragraphs which were essentially
> redundant recitations of the issues and matters that

> [Wife] had already addressed or included in her Concise Statement. [Wife] did not file separate statements for each Order from which she was appealing.

Trial court opinion, 3/6/17 at 1.

As noted by the trial court, Wife's "concise" statement fails to comply with Pa.R.A.P. 1925(b). This court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, 546 U.S. 1092 (2006). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *affirmed*, 977 A.2d 1170 (Pa. 2009). In *Tucker*, we explained that:

> this Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make[] the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for

> the trial court to provide a comprehensive analysis of the issues.

*Id.* at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently **concise and coherent** such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa.Super. 2008) (emphasis added), *appeal denied*, 958 A.2d 1048 (Pa. 2008); *see also Kanter*, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925).

Here, we cannot conclude that Wife's five-page, 33-issue statement and subsequent six-page, 33-issue supplemental concise statement were so concise and coherent that the trial court was able to conduct a meaningful review of all the issues she sought to raise. (**See** Wife's Concise Statement; Supplemental Concise Statement.) Accordingly, Wife waives all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude meaningful judicial review.

Alternatively, even if Wife had complied with Rule 1925(b), we could nonetheless dismiss this appeal because her brief entirely fails to adhere to the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material

respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citations omitted). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Ullman*, 995 A.2d at 1211 (citation omitted); *see also* Pa.R.A.P. 2101.

Instantly, Wife's 72-page *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Wife's entire brief is comprised of prose in which she includes *ad hominem* attacks against Colin Mosher ("Husband"), the trial court, and Husband's attorney.[1]

---

[1] For example, Wife avers that Husband's attorney engaged in unethical conduct by hiring a private investigator during the course of the litigation of the divorce case. (Wife's brief at 20.) Wife also alleged that Husband, Husband's counsel, the trial judge, and other trial court personnel drank excessively. (Wife's reply brief at 2.) Wife further attempted to compare Husband to United States Attorney General Jeff Sessions in an unflattering manner. (Wife's brief at 28.) Finally, Wife also attached a photograph of her cat as an exhibit to the brief in an attempt to establish that she owned a certain type of office chair which appears in the background. (*Id.* at 67; *see also* exhibit to Wife's brief.)

Wife also fails to include any citation to relevant authority in the argument,[2] nor does she develop any analysis of the issues raised. We further note that Wife's brief lacks the necessary citations to the record in violation of Rule 2119(b), and fails to provide this court with references to the record, in violation of Rule 2119(c). In her certificate of compliance, Wife certified that the word count of her brief is 16,400 words—2,400 words in excess of the 14,000 word maximum pursuant to Pa.R.A.P. 2135. Pa.R.A.P. 2135(a)(1).

Based on the foregoing, we find all of Wife's issues waived. Accordingly, we dismiss Wife's appeal.

Appeal dismissed.

---

[2] We do note that Wife includes citations to **Koon v. United States**, 518 U.S. 81 (1996), and **United States v. McConney**, 728 F.2d 1195 (9th Cir. 1984). Both cases are cited to discuss the standard of review in this case, and thus do not develop the argument. Moreover, **McConney** is not binding authority on this court, nor is it relevant, as there is no issue involving a federal question. **See**, **e.g.**, **Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross and Blue Shield**, 669 A.2d 975, 980 (Pa.Super. 1995) ("Although the decisions of the federal courts lower than the United States Supreme Court are not binding on Pennsylvania courts, they do have a persuasive authority **with regard to federal questions**." (emphasis added)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/16/18</u>