J. A24033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

ANGELA WEST-BOGANS,           :      IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA
                  Appellant      :
                                            :
                  v.                :           No. 1767 MDA 2017
                                            :
TRACY C. BOGANS               :


Appeal from the Order Entered October 30, 2017,
in the Court of Common Pleas of Cumberland County
Civil Division at No. 2012-02458


BEFORE: OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 02, 2019**

Angela West-Bogans ("Wife") appeals from the October 30, 2017 order entered by the Court of Common Pleas of Cumberland County denying her request to reopen and/or vacate the divorce decree. For the following reasons, we dismiss Wife's appeal.

The relevant procedural history of this case is as follows: On April 20, 2012, Wife filed a complaint in divorce. After extensive litigation, the trial court entered a divorce decree on September 27, 2017. On October 27, 2017, Wife filed a motion to reopen and/or vacate the divorce decree, alleging, among other things, "both extrinsic and intrinsic fraud." (*See* Wife's motion

to reopen and/or vacate divorce decree, 10/27/17 at 1.) The trial court denied Wife's motion on October 30, 2017.[1]

On November 16, 2017, Wife filed a notice of appeal. The trial court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Wife timely complied. On December 13, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

As noted by the trial court, Wife's "concise" statement fails to comply with Pa.R.A.P. 1925(b). This court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, 546 U.S. 1092 (2006). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). The filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *affirmed*, 977 A.2d 1170 (Pa. 2009). In *Tucker*, we explained that:

> this Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately

---

[1] We can discern no allegation or evidence of either extrinsic or intrinsic fraud presented in appellant's brief. Rather, appellant appears to simply argue error related to the September 27, 2017 divorce decree from which no appeal was taken.

circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make[] the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Id.* at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently **concise and coherent** such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa.Super. 2008) (emphasis added), *appeal denied*, 958 A.2d 1048 (Pa. 2008); *see also Kanter*, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925).

Here, we cannot conclude that Wife's 12-page statement was so concise and coherent that the trial court was able to conduct a meaningful review of the issues she sought to raise. (*See* Wife's Rule 1925(b) statement, 12/8/17.) Accordingly, Wife waives all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude judicial review.

Alternatively, even if Wife had complied with Rule 1925(b), we would nonetheless dismiss this appeal because her brief entirely fails to adhere to

the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citations omitted). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Ullman*, 995 A.2d at 1211 (citation omitted); *see also* Pa.R.A.P. 2101.

Instantly, Wife's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Wife's entire brief is comprised of prose in which Wife makes various allegations of misconduct on the part of appellee. Wife also fails to divide her argument into as many parts as there are questions to be argued, in violation of Rule 2119(a), nor does she develop any analysis of the issue raised.

Accordingly, we dismiss Wife's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019