J. A21042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 365 EDA 2019 |
| BRADLEY K. MOSS AND | : | |
| SHEILA WOODS-SKIPPER | : | |

Appeal from the Order Entered November 27, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 131203815

BEFORE:  BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED NOVEMBER 07, 2019**

Joan Lichtman appeals, *pro se*, from the November 27, 2018 order entered by the Court of Common Pleas of Philadelphia County dismissing appellant's writ of *mandamus*, with prejudice, against the Honorable Bradley K. Moss and the Honorable Sheila Woods-Skipper.[1]  For the following reasons, we dismiss appellant's appeal.

The trial court provided the following synopsis of the factual and procedural history:

> On September 26, 2007, Rittenhouse Plaza, Inc. [("Rittenhouse")] filed a landlord-tenant complaint against [appellant] in the Philadelphia Municipal Court.  [Rittenhouse] alleged that rent and other fees

---

[1] Judge Moss serves as a judge on the Municipal Court of Philadelphia County. Judge Woods-Skipper served as the president judge of the Court of Common Pleas of Philadelphia County.

were due and owing, that notice to vacate was given, but that [appellant] refused to vacate the premises. [Rittenhouse] asserted that there were, "no outstanding notices of L&I violations." That assertion is at the heart of this and other lawsuits brought by [appellant.[2] Appellant] has, at all times material[,] asserted that, "there were L&I violations" and thus she could not be evicted. . . . She further asserts that [Rittenhouse's] statement was perjured and, therefore, both the Municipal Court and the Court of Common Pleas lacked subject matter jurisdiction rendering their decisions null and void. [Appellant] cites no authority for this position despite having had eleven years and numerous opportunities to do so.

On October 19, 2007, judgment was entered in the Municipal Court in favor of Rittenhouse for money damages and possession. [Appellant] asserts that the [Municipal C]ourt was informed of the perjured statement during that proceeding. She also asserts that she subsequently informed [then] President Judge Woods-Skipper of the perjured statement.[Footnote 2]

> [Footnote 2] When [the trial court] use[s] the phrase "perjured statement," [it] do[es] so not as a conclusion of law, but rather as a statement of [appellant's] viewpoint.

On October 29, 2007, [appellant] appealed to the Court of Common Pleas of Philadelphia County for a trial *de novo*. Rittenhouse timely filed a complaint and [appellant] filed an answer, new matter and counterclaim evidencing her understanding of [the

---

[2] ***See***, ***e.g.***, ***Rittenhouse Plaza, Inc. v. Lichtman***, No. 745 EDA 2007, unpublished memorandum (Pa.Super. filed August 22, 2007); ***Rittenhouse Plaza, Inc. v. Lichtman***, 26 A.3d 1187 (Pa.Super. 2011) (unpublished memorandum), ***appeal denied***, 32 A.3d 1278 (Pa. 2011); ***Lichtman v. Chubb Group of Ins. Companies, et al.***, 107 A.3d 218 (Pa.Super. 2014) (unpublished memorandum); ***Lichtman v. Prudential Fox Roach***, 107 A.3d 228 (Pa.Super. 2014) (unpublished memorandum); ***Lichtman v. Bomstein***, 134 A.3d 496 (Pa.Super. 2015), ***appeal denied***, 141 A.3d 651 (Pa. 2016).

trial court's] pleading and procedural issues. . . . [Appellant], in her various memorandums of law, asserts that she raised the "perjured statement" issue during the trial *de novo*. Judge Tereshko found in favor of Rittenhouse and against [appellant] and awarded money damages and possession. [Appellant] did not file a post-trial motion raising the matters she then and now asserts were erroneously decided or not properly considered by the trial judge. Instead, she took a direct appeal to the Superior Court and also filed a motion for stay of execution. [The] Superior Court ultimately dismissed the appeal and denied the stay. Her petition for allowance of appeal to the Supreme Court was denied on November 5, 2008. Thus, all matters related to the trial for money damages and possession of the real estate were final and not subject to further review or, as here, collateral attack.

The real estate was sold and [appellant's] efforts to stay and/or set aside the sheriff's sale were unsuccessful. . . . [Appellant's] appeal to [the] Superior Court was unsuccessful. Thus, all matters related to the sale are final and not subject to further review or, as here, collateral attack.

[Appellant] attempts to yet again revisit the issues she lost on in the Rittenhouse case in the instant litigation against the judicial officers who have had anything to do with or had/have knowledge of those issues. She does so despite the fact that the Superior Court entered an order on November 30, 2009, noting that she was improperly seeking appellate review of the May 9, 2008, non-jury decision from which she failed to file post-trial motions and which [the] Superior Court *sua sponte* dismissed on June 24, 2008. [*See Rittenhouse Plaza, Inc. v. Lichtman*, No. 1412 EDA 2008 (Pa.Super. dismissed June 24, 2008).]

Trial court order and opinion, 11/27/18 at 1-4 (extraneous capitalization,

footnotes 1 and 3, some citations, and emphasis omitted).

Appellant filed a complaint seeking a writ of **_mandamus_** against President Judge Woods-Skipper and Judge Moss (collectively, "appellees") on April 17, 2018. Appellees filed timely preliminary objections on May 9, 2018. Following a litany of filings not related to this appeal, the trial court sustained appellees' preliminary objections and dismissed appellant's complaint with prejudice on November 27, 2018. On December 3, 2018, appellant filed a motion for reconsideration, which the trial court denied on December 11, 2018.

On December 21, 2018, appellant timely filed a notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

This case was set for oral argument for August 28, 2019. Appellant filed an application for continuance of oral argument, which was denied on August 7, 2019. On August 15, 2019, this court denied appellant's application for reconsideration of our August 7, 2019 order. On October 8, 2019, appellant filed a post-submission communication pursuant to Pa.R.A.P. 2501(a), in which appellant avers that she unsuccessfully attempted to obtain her desired relief from Judge Moss.

As noted by the trial court, appellant's "concise" statement fails to comply with Pa.R.A.P. 1925(b). This court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows

the trial court to identify and focus on those issues the parties plan to raise on appeal." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, 546 U.S. 1092 (2006). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *affirmed*, 977 A.2d 1170 (Pa. 2009). In *Tucker*, we explained that:

> this Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make[] the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Id.* at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently **concise and coherent** such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa.Super. 2008) (emphasis added), *appeal denied*, 958 A.2d 1048 (Pa.

2008); *see also Kanter*, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925).

Here, we cannot conclude that appellant's nine-page statement, raising 21 issues and 33 total theoretical questions, was so concise and coherent that the trial court was able to conduct a meaningful review of all the issues she sought to raise. Accordingly, appellant waives all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude meaningful judicial review.

Alternatively, even if appellant had complied with Rule 1925(b), we could nonetheless dismiss this appeal because her brief fails to adhere to the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citations omitted). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the

requirements set forth in the Pennsylvania Rules of Appellate Procedure."
**Ullman**, 995 A.2d at 1211 (citation omitted); **see also** Pa.R.A.P. 2101.

Instantly, appellant's **pro se** brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, appellant's brief is comprised almost entirely of repetitive prose in which she includes **ad hominem** attacks against the trial court and opposing counsel from previous litigation.[3]

We further note that appellant's brief lacks the necessary citations to the record in violation of Rule 2119(b), and fails to provide this court with references to the record, in violation of Rule 2119(c).

---

[3] Throughout her brief, appellant accuses opposing counsel in the original eviction proceeding of perjury and the appellees in the instant case of committing unspecified crimes on the bench. (Appellant's brief at 25, 33.) Indeed, appellant levies the following accusation against both the Philadelphia and Pennsylvania appellate judiciary, as well as opposing counsel:

> In short, there is hardly a judge in Philadelphia or in any of Pennsylvania's appellate courts, who is immune from liability, or even from prosecution or disbarment, with respect to all the legal cases involving [appellant]. Each and all of those cases is a derivative of two attorneys' underlying crimes, including perjury, subornation of perjury, fraud, extortion, conspiracy, forgery, theft, et al., and, especially, their attempts on [appellant's] life, intended to silence the crime victim — **permanently**.
>
> Of course, all of the involved attorneys — public and private, directly or indirectly — are also subject to prosecution and disbarment.

Appellant's brief at 40 (emphasis in original).

Based on the foregoing, we find all of appellant's issues waived. Accordingly, we dismiss appellant's appeal. Additionally, we bar appellant from continuing to raise either the same or related claims without leave of court. Pa.R.Civ.P. 233.1(c).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/7/19</u>