J-A03025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JUDE A. BLOOM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY, AS TRUSTEE FOR NEW | : | |
| CENTURY HOME EQUITY LOAN | : | |
| TRUST SERIES 2003-3 ASSET | : | |
| BACKED PASS-THROUGH | : | |
| CERTIFICATES | : | |
| | : | |
| Appellant | : | No. 462 WDA 2023 |

Appeal from the Judgment Entered June 22, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-20-011074

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: April 23, 2024**

Following a non-jury trial in this quiet-title action, Deutsche Bank National Trust Co., in its capacity as Trustee for New Century Home Equity Loan Trust Series 2003-3 Asset Backed Pass-Through Certificates, ("Deutsche Bank") appeals from the judgment entered in favor of Jude Bloom.  Because Deutsche Bank flagrantly violated Pennsylvania Rule of Appellate Procedure 1925(b), we dismiss its appellate issues as waived and affirm.

Our decision rests on procedural grounds; thus, we only briefly discuss the underlying facts.  In 2003, Jude Bloom and her then-husband Aurthur Bloom purchased a home in Pittsburgh for $340,000.  Ms. Bloom made the $61,000 downpayment on the property, while Mr. Bloom procured a loan for the rest of the purchase price.  To obtain the $289,000 loan, Mr. Bloom

executed a mortgage with New Century Mortgage Corp., Deutsche Bank's predecessor in interest.

The couple divorced in 2018, and Ms. Bloom became the sole owner of the at-issue property. Two years later, she discovered that her name also appeared on the mortgage that Mr. Bloom had executed.

On October 10, 2020, Ms. Bloom sued Duetsche Bank for quiet title to the property. Specifically, she sought equitable relief to declare the mortgage void based on fraud. Duetsche Bank filed various counterclaims against her. In August 2021, approximately five months after the pleadings closed, Mr. Bloom died.

The case proceeded to a bench trial, which consisted of three witnesses and lasted two days. At the close of testimony, the trial court left the record open, "while the parties considered whether additional documents . . . should be included in the record." Trial Court Opinion, 6/20/23, at 3. A few weeks later, they jointly filed several exhibits regarding the mortgage. Only two of those documents included the purported signatures of both Mr. and Ms. Bloom.

Based on the exhibits and Ms. Bloom's credible testimony, the trial court found that New Century Mortgage had fraudulently procured the mortgage. Therefore, the court declared the mortgage void, extinguished any legal interest Duetsche Bank had acquired in the property as New Century Mortgage's predecessor, and awarded Ms. Bloom quiet title. The trial court also found that Deutsche Bank was not entitled to an equitable lien or

subrogation. Therefore, the court dismissed Deutsche Bank's counterclaims as meritless.

Duetsche Bank filed a motion for post-trial relief, which the trial court denied. This appeal followed.

The trial court directed Duetsche Bank to file a **concise** statement of errors complained of on appeal, under Pa.R.A.P. 1925(b). Instead, Duetsche Bank filed a seven-page document, raising over 30 issues. **See** Deutsche Bank's Rule 1925(b) Statement at 2-8.

Unsurprisingly, the trial court did not appreciate receiving a voluminous Rule 1925(b) statement. It found the statement to be procedurally flawed and, as a result, concluded that Duetsche Bank had waived all claims of error.[1] The learned Judge Mary C. McGinley, writing for the Court of Common Pleas of Allegheny County, correctly opined as follows:

**WAIVER OF ISSUES**

Following receipt of the Notice of Appeal . . . a Rule 1925(b) order was entered on April 24, 2023. [Duetsche Bank] filed its Concise Statement of Errors Complained of on Appeal on May 12, 2023 ("Concise Statement"). [Duetsche Bank] listed 36 separate errors in the Concise Statement that were denoted as a) through ff).

The Concise Statement does not meet the requirements set forth by our appellate courts. The Superior Court has explained "that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those

---

[1] "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004).

> Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement.[2] Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise." ***Kanter***, 866 A.2d at 401. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make the raising of so many issues impossible. ***Id.*** "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." ***Jones v. Jones***, 878 A.2d 86, 90 (Pa. Super. 2005).

***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009). When one considers that testimony in this matter lasted only two days, raising 36 separate matters deviates widely from the requirement that the statement be concise.

---

[2] The Rule provides, in relevant part, "If the judge entering the [appealed] order . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Pa.R.A.P. 1925(b). "The Statement shall set forth **only those errors** that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i) (emphasis added). "The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(iv).

The [trial court] recognizes that a lengthy statement may not be the consequence of bad faith, a finding of which has been required to lead to the consequence of waiver. **See**, **Eiser v. Brown & Williamson Tobacco Corp.**, 938 A.2d 417, 421, 422 (Pa. 2007) ("while the number of issues raised in the subject Rule 1925(b) statement may have been the result of a poorly reasoned appellate strategy, because the trial court did not find that appellants acted in bad faith, there was no violation of a Rule of Appellate Procedure") (reviewing 24 errors listed in the concise statement). However, the Supreme Court [of Pennsylvania has] distinguished **Eiser** from **Kanter** noting that the issues in **Eiser** were far more complicated than a simple breach of contract action. **Id.**, at 421-422. This distinction has been followed in other cases where the Superior Court found that there was no waiver where there were complex issues, the trial court could address the general issues raised, and a voluminous 1925(b) statement was not the result of bad faith. **See Maya v. Johnson & Johnson**, 97 A.3d 1203, 1211 at footnote 4 (Pa. Super. 2014) (reviewing a statement of errors of 23 paragraphs) and **Boehm v. Riversource Life Ins. Co.**, 117 A.3d 308, 319 at footnote 3 (Pa. Super. 2015) (examining 36 separate claims of error in the Rule 1925(b) statement).

The [trial court] submits that this matter, involving a one-count Complaint in an Action to Quiet Title and four-count Counterclaim, all of which likewise sounded in relief to quiet title does not involve the same complexity that caused the court in **Eisen** to deviate from the court's rationale in **Kanter**. The numerosity of the complaints required the undersigned to expend considerable effort comparing each matter raised to what was actually raised in the context of trial and in post-trial motions, particularly since deviation existed. Many of the matters complained of were redundant in violation of Pa.R.A.P. 1925(b)(4)(iv). Parsing through the matters complained of had the effect of overwhelming the trial court. Consistent with **Kanter**, these violations should be deemed a waiver in the context of appellate review.

Trial Court Opinion, 6/20/23, at 4-6 (footnote and some punctuation omitted).

We adopt the above, well-reasoned analysis of the trial court as our own.

A party that files a 1925(b) Statement, brimming with over 30 points of error after a two-day bench trial, does so either out of extreme ignorance of the appellate process or as an act of deliberate disrespect for the trial court's time and finite judicial resources. In either case, the party has no real intention or hope of litigating that plethora of issues in an appellate court, because of the word-count limits that our Rules of Appellate Procedure place upon briefs. "A principal brief shall not exceed 14,000 words . . . ." Pa.R.A.P. 2135(a)(1).

Indeed, Duetsche Bank reduced its merit issues on appeal from the 30+ raised in its 1925(b) Statement to six.[3] Like the trial court, we conclude that

_____

[3] Duetsche Bank's six merit issues are:

> 1. Did the [Ms. Bloom] carry her burden of proving, by clear and convincing evidence, that her signature had been forged on the . . . mortgage . . . ?
>
> 2. Did the trial court abuse its discretion . . . by admitting into evidence . . . "propensity" evidence . . . ?
>
> 3. Did the trial court abuse its discretion . . . by holding that [Ms. Bloom's] request for relief, delayed for 17 years, was not barred by the defense of laches?
>
> 4. Did the trial court abuse its discretion or err as a matter of law by holding that [Ms. Bloom's] ratification of the mortgage in the U.S. bankruptcy court and in her divorce case is not a defense as a matter of law and is waived?
>
> 5. Did the trial court abuse its discretion or err as a matter of law by holding that [Duetsche Bank's] counterclaims for imposition of an equitable mortgage or equitable lien are barred in fraud cases as a matter of law?

*(Footnote Continued Next Page)*

Duetsche Bank packed its 1925(b) statement with over 30 claims of error solely to exasperate the trial court and waste its time. Duetsche Bank was uninterested in helping the trial court facilitate a meaningful appellate review as to any of the issues in its 1925(b) statement. Rather, it raised redundant and frivolous issues, which Duetsche Bank never planned to raise in this Court, in deliberate violation of Rule 1925(b)(4)(iv).

To discourage appellate counsel from filing needlessly voluminous Rule 1925(b) statements in future appeals, we impose the waiver result prescribed in **Kanter**, **supra**.

Duetsche Bank's appellate issues dismissed as waived.

Judgment affirmed.

Judge Murray joins.

Judge Bowes concurs in result.

---

6.    Did the trial court abuse its discretion . . . by holding that [Duetsche Bank's] counterclaims . . . are barred by [the doctrine of] unclean hands?

Duetsche Bank's Brief at 2-3.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


4/23/2024