J-A04026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMY SCANDALE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN SCANDALE | : | No. 647 MDA 2025 |

Appeal from the Order Entered September 25, 2024
In the Court of Common Pleas of Lackawanna County Domestic Relations
at No(s):  2022-DR-628,
PACSES 187301800

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:　　　　　　　**FILED: APRIL 30, 2026**

Appellant, Amy Scandale ("Wife"), appeals from the order entered in the Lackawanna County Court of Common Pleas, Domestic Relations Section, which denied Wife's exceptions and confirmed the support master's amended recommendation in this child support matter.  We affirm.

The relevant facts and procedural history of this matter are as follows. The parties married on September 10, 2005.  During the parties' marriage they used cash to purchase a three-acre property, which included the marital residence.  Later, Appellee, John Scandale ("Husband"), constructed a barn on the property, which housed his custom-made firearms business/shop.  To fund this construction, the parties mortgaged the property and obtained a home equity line of credit ("HELOC").  Additionally, the parties share two

minor children[1] who reside primarily with Mother. The parties separated in February 2022, and Wife filed for divorce. On November 4, 2022, Wife filed a complaint seeking child support from Husband, and support litigation has been ongoing since that date.

On November 28, 2022, the court entered an interim order, finding that Wife's monthly net income was $5,218.00 and Husband's monthly net income was $4,110.00. The court ordered Husband to pay $1,182.00 per month; specifically, $1,075.00 in current support and $107.00 in arrears. The order provided that unreimbursed medical expenses exceeding $250.00 annually would be allocated between the parties, with 56% by Wife and 44% by Husband. Effective January 1, 2023, the support would increase to $1,110.00 per month due to medical insurance costs. Alimony *pendente lite* and spousal support were already factored into the order. Following entry of the order, Husband sought a hearing *de novo*, which was scheduled for April 2023.

During this time, litigation also proceeded in the equitable distribution action.[2] Among other concerns, the parties could not agree as to their obligations for the monthly mortgage payment and HELOC. Eventually, on October 4, 2022, the court entered an order in the equitable distribution docket directing that Husband have exclusive possession of the firearms shop on the property, the right to retain technicians to make necessary repairs, and

---

[1] At the time of the initiation of litigation, both children were minors. As of the date of the filing of this decision, the oldest child is over 18.

[2] The equitable distribution matter was docketed at No. 2022 FC 40240.

the Husband continue to pay the mortgage and HELOC through his business, as well as additional provisions relevant to custody. Following Husband's motion for reconsideration, on December 9, 2022, the court ruled that if Husband satisfied the mortgage and HELOC obligations, he could petition the Domestic Relations Section relevant to the determination of the parties' obligations of those responsibilities moving forward.

On February 17, 2023, the court entered an interim support order, finding that Wife's monthly net income was $5,218.00 and Husband's monthly net income was $4,110.00. The court ordered Husband to pay $1,647.00 a month, effective January 1, 2023; specifically, $1,498.00 in current support and $149.00 in arrears. The order provided that unreimbursed medical expenses exceeding $250.00 annually would be allocated between the parties, with 56% by Wife and 44% by Husband. Additionally, the order was modified to have the mortgage factored into the support order. Wife and Children resided in the home such that Wife would assume responsibility for the mortgage payments. Therefore, the court had factored in an upward deviation in the sum of $388.00 a month. Husband had already paid the mortgage for the months of November and December. Subsequent to the entry of the order, Husband requested a *de novo* hearing.

Following several continuances, on February 16, 2024, the parties appeared for a *de novo* support hearing before a support master and presented testimony and evidence. On April 18, 2024, the support master issued a report and recommendation, which the court adopted by order the

same day. The April 18, 2024 order provided Husband pay $763.00 support per month effective January 1, 2023 to April 30, 2023, with unreimbursed medical expenses exceeding $250.00 annually to be paid 66% by Wife and 34% by Husband. Effective May 1, 2023, the support amount to be paid by Husband was $1350.00 per month plus $135.00 arrears for total support obligation of $1485.00, with medical expenses exceeding $250.00 to be shared equally between the parties. As directed by the court, Husband was to pay the mortgage and HELOC up to February 17, 2023, and Wife was responsible for such payments after that date, and any applicable credits related to the mortgage and HELOC were to be addressed in equitable distribution. On April 29, 2024, Wife filed 29 exceptions to the report and recommendation.

On May 8, 2024, following a hearing, the court issued an amended interim order stating that, effective May 1, 2023, Husband's required support amount was $1,350.00 per month plus $135.00 on arrears for a total support obligation of $1,485.00. Wife was responsible for providing health insurance, with unreimbursed medical expenses exceeding $250.00 annually to be allocated 50% to Husband and 50% to Wife. The order again stated that Husband was to pay the mortgage and HELOC up to February 17, 2023; since Wife resided in the home, she was responsible for the payment of the mortgage and HELOC after that date, and any further applicable credits would be addressed in equitable distribution.

On May 20, 2024, the court entered an amended interim order,

amending the prior order entered May 8, 2024[3] stating that effective May 1, 2023, the support amount was $1,350.00 per month plus $135.00 on arrears for a total support obligation of $1,485.00. Based on the agreement of the parties, Wife was responsible for providing health insurance, with unreimbursed medical expenses exceeding $250.00 annually to be allocated 50% to Husband and 50% to Wife. The order again stated that Husband was to pay the mortgage and HELOC up to February 17, 2023, with Wife responsible for the payment after that date, and any further applicable credits would be addressed in equitable distribution.

On July 17, 2024, the trial court requested clarification from the support master regarding whether Wife had received an upward deviation of $388.00 for the payment of the HELOC. On August 7, 2024, the support master issued an amended recommendation which clarified that the deviation was not factored into the support calculation and reiterated that any credits relative to the payments made on those loans should be dealt with in equitable distribution.

On September 25, 2024, the court denied Wife's exceptions and confirmed the support master's amended recommendation, which provided, *inter alia*, that Wife be responsible for the mortgage and HELOC.

On October 2, 2024, the court entered an interim order stating that effective October 1, 2024, through January 19, 2026, the support amount was

---

[3] The order states that the order is amending the order entered May 7, 2024, but the order is stamped for filing May 8, 2024.

$1,080.00 per month, with arrears set at $1,080.00 to resolve a credit of $3,952.00. Once the credit has been resolved the order would automatically increase back to $1,350.00 effective January 20, 2026.

On October 16, 2024, Wife timely filed a notice of appeal. On October 21, 2024, the court ordered Wife to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On November 8, 2024, Wife filed her statement. At this time, a new trial judge began presiding over the case.

On appeal, Wife raises the following issues for our review:

I. Was it abuse of discretion to estimate Wife's income from Moses Taylor based on one specific day of work when that violates several rules and runs contrary to every documented proof of income in the record—including the then-current support order.

A Was it abuse of discretion for the [trial] court to derive Wife's monthly net income from Moses Taylor based on one specific day of work, when Rule 1910.16-2(a) which requires "at least a six-month average of a party's income" be used?

B. Was … it [an] abuse of discretion to conclude Wife's gross annual income from Moses Taylor was $25,000 higher than her actual income from that position, where Rule 1910.16-2(d)(1) does not permit an upward adjustment absent an analysis of certain factors absent here?

C. Was it abuse of discretion for the court to conclude that Wife's past monthly net income from Moses Taylor was $6[,]363, if that number is manifestly unreasonable in light of all the contrary documentary evidence before the court?

II. In determining Husband's income, did the [trial] court abuse its discretion by failing to include business related cash flow to [Husband] as rent, and business-funded

payments of the second mortgage and HELOC under 23 Pa.C.S. §§ 4321–4322 and Pa.R.C.P. 1910.16-2 if they are owner-directed cash and perquisites that satisfy Husband's personal obligations and reduce his living expenses?

III. Was it abuse of discretion representing a material and substantial change in circumstances by shifting the loans to Wife's support responsibility while failing to credit those obligations to Husband's income capacity, given that Keystone historically serviced the loans as business expenses, by orders not characterized as support.

(Wife's Brief at 6).

Before addressing the merits of Wife's issues, we must determine whether those issues are properly before us. The trial court and Husband assert that Wife's "concise" statement of errors complained of on appeal is anything but concise, as it is six pages in length and raised 24 issues.

We observe that "[a] concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal" or the issues will be considered waived. *S.S. v. T.J.*, 212 A.3d 1026, 1030-32 (Pa.Super. 2019). *See also* Pa.R.A.P. 1925(b)(4)(ii) (explaining that Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"); Pa.R.A.P. 1925(b)(4)(vii) (stating "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

This Court has explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *S.S., supra* at 1031 (quoting

***Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa.Super. 2001)).

This Court has interpreted "vagueness" as including "verbose and lengthy"

statements such that the trial court cannot readily identify the issues raised.

***See id.*** at 1032. ***See also Raymond v. Raymond***, 279 A.3d 620, 626 n.6

(Pa.Super. 2022) (cautioning appellants that 24-issue Rule 1925(b)

statement, which is too voluminous, could lead to waiver).

Indeed:

> [W]hen appellants raise an "outrageous" number of issues
> in their 1925(b) statement, the appellants have
> "deliberately circumvented the meaning and purpose of Rule
> 1925(b)" and [have] thereby effectively precluded appellate
> review of the issues [they] now seek to raise." We have
> further noted that such "voluminous" statements do not
> identify the issues that appellants actually intend to raise on
> appeal because the briefing limitations contained in
> Pa.R.A.P. 2116(a) makes the raising of so many issues
> impossible. "Further, this type of extravagant 1925(b)
> statement makes it all but impossible for the trial court to
> provide a comprehensive analysis of the issues."

***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 602 Pa.

147, 977 A.2d 1170 (2009) (citations omitted). In sum, the purpose of the

statement of errors complained of on appeal is to "allow the trial court to easily

discern the issues an appellant intends to pursue on appeal and to allow the

court to file an intelligent response to those issues in an opinion pursuant to

Pa.R.A.P. 1925(a)." ***S.S., supra*** at 1031. Where the appellant fails to comply

with this requirement, the issues are waived. ***Id. See also Commonwealth***

***v. Heggins***, 809 A.2d 908, 911 (Pa.Super. 2002) (stating: "Even if the trial

court correctly guesses the issues [an a]ppellant raises on appeal [in the face

of a vague Rule 1925(b) statement] and writes an opinion pursuant to that supposition, the issue is still waived").

Instantly, Wife's Rule 1925(b) statement, which spanned six pages and included 24 issues, was so verbose and lengthy that the trial court could not easily analyze the issues raised. (*See* Wife's Rule 1925(b) Statement, filed 11/8/24, at 1-6; R.R. at 18a-23a). While the trial court did not explicitly recommend waiver in its Rule 1925(a) opinion, it referenced the possibility of waiver when it declined to address Wife's issues in any detail. Then, the court noted generally that there were 24 issues which all focused on the perceived abuse of discretion in the conclusions reached by the support master and adopted by the prior trial judge, and the court's review of the support master's recommendations revealed no abuse of discretion or error of law. (*See* Trial Court Opinion, filed 8/27/25, at 1-4; R.R. at 14a-17a). Given the lack of analysis in the court's opinion in the face of such a verbose Rule 1925(b) statement and in light of the specific and multiple issues raised on appeal, we conclude that Wife has impeded our appellate review necessitating a finding of waiver of her issues on appeal. *See Raymond, supra*; *S.S., supra*; *Tucker, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/30/2026