J. S37039/20
J. S37040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISAIAH ANDERSON, | : | No. 1232 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 20, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000624-2012,
CP-51-CR-0004336-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISAIAH ANDERSON, | : | No. 1233 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 20, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000624-2012,
CP-51-CR-0004336-2013

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 28, 2020**

Isaiah Anderson appeals *pro se* from the March 20, 2019 order entered

by the Court of Common Pleas of Philadelphia County dismissing his petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. For the following reasons, we dismiss appellant's appeal.

On January 11, 2012, the Commonwealth charged appellant at Docket No. CP-51-CR-0000624-2012 with rape of a child, aggravated indecent assault of a child, unlawful contact with a minor – sexual offenses, sexual assault, corruption of minors, and indecent assault of a person less than 13 years of age.[1]  In April of 2013, the Commonwealth charged appellant at Docket No. CP-51-0004336-2013 with one count of aggravated assault and two counts of resisting arrest.[2]  The trial court entered an order consolidating the two cases for trial.

On November 19, 2014, a jury convicted appellant of the aforementioned offenses.  The trial court sentenced appellant to an aggregate term of 13½ to 27 years' imprisonment, to be followed by 4 years' probation on February 20, 2015.  Appellant filed a timely direct appeal to this court.  On July 12, 2016, this court affirmed appellant's judgment of sentence.  ***See Commonwealth v. Anderson***, 154 A.3d 851 (Pa.Super. 2016) (unpublished memorandum).  Appellant filed a petition for allowance of appeal, which our supreme court denied on July 6, 2017.  ***See Commonwealth v. Anderson***,

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 6318(a)(1), 3124.1, 6301(a)(1)(i), and 3126(a)(7), respectively.

[2] 18 Pa.C.S.A. §§ 2702(a)(3) and 5104, respectively.

169 A.3d 1036 (Pa. 2017). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

On August 22, 2018, appellant filed a timely *pro se* PCRA petition. The PCRA court appointed James R. Lloyd, III, to represent appellant. Despite being represented by counsel, appellant filed multiple *pro se* amended PCRA petitions. On January 17, 2019, Attorney Lloyd filed a motion to withdraw as counsel, accompanied by a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court entered a notice of its intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on January 25, 2019.

On February 25, 2019, the PCRA court entered an order permitting Attorney Lloyd to withdraw as counsel. Appellant filed a notice of appeal from the February 25, 2019 order on March 1, 2019, which was docketed by this court at Nos. 770 EDA 2019 and 771 EDA 2019. On March 21, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In the interim, the PCRA court entered an order dismissing appellant's PCRA petition without a hearing on March 20, 2019. Appellant filed timely notices of appeal from the March 20, 2019 order on March 22, 2019. In compliance with the PCRA court's March 21, 2019 order, appellant filed a Rule 1925(b) statement on April 12, 2019, raising issues related to the merits

of his petition.[3]  On August 27, 2019, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On August 9, 2019, this court entered a **per curiam** order directing appellant to show cause why the instant appeal should not be quashed in light of our supreme court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  Appellant filed a response to the rule to show cause on August 29, 2019.  On October 4, 2019, this court entered an order discharging the rule to show cause, referring the issue to the merits panel.

In **Walker**, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed.  **Walker**, 185 A.3d at 971, 976-977.  The **Walker** court applied its holding prospectively to any notices of appeal filed after June 1, 2018.  **Id.** at 971.  In the instant case, the notices of appeal were filed on March 22, 2019, and therefore, the **Walker** mandate applies.  The appeal was of a single order resolving issues arising on both docket numbers.  Based on our review of the record, it appears that appellant filed one notice of appeal including both docket numbers in violation of our supreme court's mandate in **Walker**.

---

[3] The PCRA court did not order appellant to file another Rule 1925(b) statement following March 22, 2019 notice of appeal, but rather relied on its initial Rule 1925 order.

Our inquiry cannot end here. A recent *en banc* panel of this court held that we may overlook the requirements set forth in *Walker* in cases where a breakdown in the court system occurs. *Commonwealth v. Larkin*, ___ A.3d ___, 2020 WL 3869710 at *3 (Pa.Super. July 9, 2020) (*en banc*); *see also Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019). The panels in both *Larkin* and *Stansbury* held that a breakdown in the court system includes instances in which the trial or PCRA court provides appellant with misinformation. *Stansbury*, 219 A.3d at 160; *Larkin*, 2020 WL 3869710 at *3.

Here, our review of the record reveals a breakdown in the court system similar to the scenarios presented in *Larkin* and *Stansbury*. Indeed, the PCRA court's order dismissing appellant's PCRA petition states that, "[appellant] is hereby advised that he has thirty (30) days from the date of this Order within which to file *an appeal*." (PCRA court order, 3/20/19 n.1 (emphasis added).) At no point did the PCRA court notify appellant that he was required to comply with the mandates of *Walker*. Accordingly, we will overlook the requirements of *Walker*.

Before we can proceed to the merits of appellant's appeal; however, we must determine whether appellant has complied with our Rules of Appellate Procedure—specifically Rule 1925(b).

This court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus

on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa.Super. 2004), ***appeal denied***, 880 A.2d 1239 (Pa. 2005), ***cert. denied***, 546 U.S. 1092 (2006), citing ***Riley v. Foley***, 783 A.2d 807, 813 (Pa.Super. 2001). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa.Super. 2007), ***affirmed***, 977 A.2d 1170 (Pa. 2009). In ***Tucker***, we explained that:

> this Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, then appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues they [now] seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make[] the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

***Id.*** at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently **concise and coherent** such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest

the existence of bad faith." ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa.Super. 2008) (emphasis added), ***appeal denied***, 958 A.2d 1048 (Pa. 2008); ***see also Kanter***, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925); ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1038-1043 (Pa.Super. 2018), ***appeal denied***, 217 A.3d 793 (Pa. 2019), ***cert. denied sub nom. Vurimindi v. Pennsylvania***, 140 S.Ct. 1147 (2020) (applying the holdings in ***Kanter***, ***Tucker***, and ***Jiricko*** in context of criminal appeal).

Here, we cannot conclude that appellant's 23-page, 111-issue statement is so concise and coherent that the PCRA court was able to conduct a meaningful review of all the issues he sought to raise. (***See*** appellant's concise statement, 4/12/19.)[4] Accordingly, appellant waives all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude meaningful judicial review.

---

[4] In his brief, appellant raises 79 issues for our review. (***See*** appellant's brief at 4-23.)

Based on the foregoing, we find all of appellant's issues waived.[5]

Accordingly, we dismiss appellant's appeal.

Appeal dismissed. Appellant's application to amend notice of appeal is denied as moot.

Nichols, J. joins this Memorandum.

Shogan, J. concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/28/2020*

---

[5] We note that appellant has raised a legality of sentence issue. (Appellant's brief at 38-40.) Such an issue cannot be waived. ***Commonwealth v. Starr***, ___ A.3d ___, 2020 WL 3425114 (Pa.Super. June 23, 2020). In his legality of sentence issue, appellant contends that the trial court improperly imposed mandatory minimum sentences in violation of ***Alleyne v. United States***, 570 U.S. 99 (2013), and its progeny. (Appellant's brief at 38.) Appellant's claim is belied by the record, as upon the imposition of sentence, the trial court explicitly noted that it was not imposing mandatory minimums. (Notes of testimony, 2/20/15 at 20, citing ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super. 2014). Accordingly, no relief is due.