J-S04018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD C. GRATE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VENITA D. MANN | : | |
| | : | |
| Appellant | : | No. 2350 EDA 2022 |

Appeal from the Order Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 0C1302259

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                                   **FILED APRIL 28, 2023**

Appellant, Venita D. Mann ("Mother"), appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which awarded temporary sole legal custody of D.X.M. ("Child") to Appellee, Richard C. Grate ("Father"), and denied Mother's petitions for contempt.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] By *per curiam* order filed January 20, 2023, this Court noted that Mother's appeal from the order granting Father **temporary** sole legal custody was not a final and appealable order.  **See** Pa.R.A.P. 341(b)(1) (stating final order is order that disposes of all claims and of all parties); **G.B. v. M.M.B.**, 670 A.2d 714 (Pa.Super. 1996) (stating custody order is final and appealable after trial court has concluded its hearings on matter and resultant order resolves pending custody claims between parties).  **See also J.M. v. K.W.**, 164 A.3d 1260, 1263 (Pa.Super. 2017) (*en banc*) (explaining that order granting temporary or interim custody is interlocutory).  Thus, this Court directed that the appeal proceed "solely on the denial of Mother's petitions for contempt." (Order, filed 1/20/23) (emphasis omitted).

A prior panel of this Court set forth some of the relevant facts and procedural history of this case as follows:

> A custody order was entered in January of 2014 …, when Child was five years old and attending parochial school in Philadelphia, where he lived with Mother and her older son and daughter. Father resided in Pennsauken, New Jersey, … with his wife, R.B.G. (Stepmother).
>
> The [2014] order granted the parties shared legal custody, Mother primary physical custody, and Father partial physical custody on an alternating two-week basis. In week one, Father was granted custody from Friday, when he picked Child up after school, until Sunday at 6:00 p.m. In week two, Father was granted custody from Wednesday, when he picked Child up after school, until Saturday at 12:00 p.m.
>
> [The parties filed] cross-petitions for modification of the [2014] custody order … on December 23, 2014 [by Father], and Mother on July 30, 2015, wherein they requested primary physical custody. Mother also filed a petition for contempt against Father. These petitions were not included in the certified record. However, the record indicates that Father's request was based on allegations that he will provide stability and structure for Child, particularly with respect to his education. Mother's request was based on allegations that Child was sexually molested while at Father's home …. Mother also alleged that Child gets sick while at Father's house, including, but not limited to, respiratory infections.
>
> The trial court held hearings on November 30, 2016, May 17, 2017, October 31, 2017, January 30, 2018, September 21, 2018, January 24, 2019, and March 19, 2019. During the hearing, the trial court consolidated the parties' petitions for modification, contempt [(which both parties had filed)], and recusal [(which both parties had filed)]. Father was represented by counsel during the proceedings. Mother proceeded *pro se* during all but the first and final hearing dates. There were numerous exchanges between the trial court and Mother regarding Mother's proffers of witnesses and documents.

The parties testified on their own behalf, and they presented testimony from multiple witnesses. In addition, the trial court admitted voluminous documentary evidence introduced by the parties in this case.[6] The trial court also interviewed Child *in camera* on November 30, 2016, May 17, 2017, January 30, 2018, January 24, 2019, and March 19, 2019.

> [6] In addition to the testimony, the trial court considered numerous documents that it admitted into evidence during the hearing. Those documents included reports from the Philadelphia Children's Alliance (PCA)[,] the Philadelphia County Department of Human Services (DHS), Children's Hospital of Philadelphia (CHOP), St. Christopher's Hospital for Children, Division of Child Protection and Permanency in the State of New Jersey (DCPP), and the Joseph J. Peters Institute (JJPI).

*        *        *

By final order dated March 19, 2019, and entered on March 21, 2019, the trial court awarded the parties shared legal custody, Father primary physical custody, and Mother partial physical custody on alternating weekends from Friday at 4:00 p.m. until Sunday at 7:00 p.m. The trial court directed that the custody transfers continue to occur at the 6th Police District building in Philadelphia, and if either party is late or does not appear, it shall be recorded on the police log forms, copies of which have been provided to the parties. Further, the trial court dismissed Mother's petitions for contempt and denied her motion for recusal.

*V.D.M. v. R.C.G.*, No. 1117 EDA 2019, 2020 WL 398591 (Pa.Super. filed Jan. 23, 2020) (unpublished memorandum), at *1-6 (internal citations and most internal footnotes omitted). On January 23, 2020, this Court affirmed the March 19, 2019 custody order. *See id.*

The trial court summarized the subsequent procedural history as follows:

Since the Superior Court's affirmance of the March 2019 order, the following orders, in relevant part, have been entered:

Order, 11/19/20: Mother's petition for contempt filed 3/9/20 is denied.

Order, 2/11/21: Mother's petition for contempt filed 1/6/21 is denied.

Order 6/3/21: Matter relisted by request of Mother to seek alternative counsel.

Order 10/18/21: Mother's motion for recusal is denied; order of 3/19/19 remains in effect and parties may modify it as they agree; parties agree to attend co-parenting counseling; parties agree that [Child] will attend psychological counseling at the recommendation of his treating pediatrician; parties are not to interfere with counseling; parties shall participate in counseling only as requested by counselor; report from counselor to be provided at next listing regarding [Child's] progress.

Order 3/7/22: Matter listed for protracted hearing on 11/7/22.

Order 6/24/22: Mother's motion for recusal filed 2/25/22 is denied; Mother's petition for expedited relief filed 4/4/22 is denied; listed for hearing on 8/12/22 is Mother's petition for expedited relief filed 5/12/22, Mother's petition for contempt filed 5/12/22, and Mother's petition for contempt filed 6/8/22.

Order 7/8/22: Mother's petition for contempt filed 6/27/22, is listed for hearing on 8/12/22.

The hearing on August 12, 2022, was continued to August 16, 2022, for completion of testimony. The four petitions decided by the court on August 16, 2022 are as follows:

1. Mother's petition for expedited relief filed May 12, 2022. The petition consists of one hand-written paragraph and an addendum typed in small face detailing Mother's repeated allegations, dating from 2013, of [Child's] having been

sexually abused at Father's home and her repeated averments that her evidence has been continually disregarded by the courts.

2. Mother's petition for contempt filed May 12, 2022. The petition alleges that Father failed and refused to relinquish custody of [Child] to Mother on multiple occasions: January through May 7, 2022; February 7, 2020 through March 9, 2020. Attached was the same document that was the addendum to the petition for expedited relief filed May 12, 2022.

3. Mother's petition for contempt filed June 8, 2022. The petition alleges that Father failed and refused to relinquish custody of [Child] to Mother on April 30, May 13, and May 27.

4. Mother's petition for contempt filed June 27, 2022. The petition alleges that Father failed and refused to relinquish custody of [Child] to Mother on June 10 and June 24, 2022, and that Father refused to schedule summer vacation time.

In addition to denying all of Mother's petitions, the August 16th order awarded Father **temporary** sole legal custody, pursuant to 23 Pa.C.S. § 5323(b) and Pa.R.C.P. 1915.13. The court acted on its own motion and granted Father temporary sole legal custody as special relief in order to enable [Child] to receive medical care and psychological counseling as soon as possible. The August 16th order kept in place the listing for the protracted custody hearing on November 7, 2022, that had been scheduled on March 7, 2022. The November 7th protracted hearing will address Mother's petition to modify filed March 13, 2022, Mother's petition for contempt filed March 4, 2021, and Mother's amended petition to modify filed on April 8, 2021.

On September 13, 2022, Mother filed a notice of appeal; contrary to Pa.R.A.P. 1925(a)(2)(i), she did not also file a concise statement of errors complained of on appeal. On September 15, 2022, the court ordered Mother to file a concise statement of errors complained of on appeal. On October 5, 2022, Mother filed a 36-page "concise" statement of errors complained of on appeal. As this statement was not concise within the meaning of Rule

1925(b) and controlling case law, and would have resulted in a waiver of all issues on appeal, the Superior Court entered an order on October 12, 2022, directing Mother to file an amended concise statement of errors complained of on appeal by October 24, 2022. Mother filed a two-page single-spaced amended statement with the clerk of family court on October 21, 2022. …

(Trial Court Opinion, filed 11/1/22, at 1-4) (emphasis in original) (internal footnote omitted).

Mother raises the following seven issues on appeal:

1. Whether the trial court violated [Mother's] constitutional right to due process of law?

2. Whether the trial court erred in failing to grant a petition for recusal based on showing of prejudice, improper demeanor, and bias towards [Mother]?

3. Whether the trial court showed personal bias?

4. Whether the trial court erred as a matter of law by permitting [Father's] witness to testify to hearsay of what a professional therapist stated without being certified as an expert while … omitting medical records from a psychological evaluator that were vital to the case?

5. Whether the trial court erred in failing to consider all the factors under 23 Pa.C.S. § 5328 as to what is in the child's best interests?

6. Whether the trial court erred in omitting several records and video regarding occurrence[s] of sexual abuse in [Father's] home?

7. Whether the trial court erred in failing to address all of [Mother's] contempt petitions filed throughout the pendency of the modification hearings?

(Mother's Brief at xi).

Preliminarily, appellate briefs and reproduced records must materially

- 6 -

conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal…may be quashed or dismissed." ***Id.*** ***See also*** Pa.R.A.P. 2111 (regarding required content of appellate brief).

Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Additionally, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007).

Further, this Court has made clear:

> Any issues not raised in a Rule 1925(b) statement will be deemed waived. …Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.
>
> [A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all. Even if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived.
>
> Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive

analysis of the issues.

***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 602 Pa. 147, 977 A.2d 1170 (2009) (internal citations and quotation marks omitted).

Instantly, the trial court deemed all of Mother's claims raised on appeal waived, reasoning as follows:

> On October 5, 2022, Mother filed a 36-page "concise" statement of errors complained of on appeal. As this statement was not concise within the meaning of controlling case law, and would have resulted in a waiver of all issues on appeal, the Superior court entered an order on October 12, 2022, directing Mother to file an amended concise statement of errors complained of on appeal by October 24, 2022. Mother filed a two-page single-spaced amended statement with the clerk of family court on October 21, 2022. This statement also fails to be sufficiently "concise" and "coherent" such that the trial court judge is able to identify the issues to be raised on appeal.

(Trial Court Opinion at 9).[2]

Because Mother's amended Rule 1925 statement was insufficient to permit the trial court to identify the issues Mother sought to raise on appeal, Mother's appellate issues are waived on this basis. ***See Tucker, supra***. Additionally, many of the issues Mother purports to raise on appeal are not included in her amended Rule 1925 statement, constituting waiver on that ground as well. ***See id.*** Specifically, Mother's amended Rule 1925 statement does not mention bias, the court's denial of her recusal motion, or the court's

---

[2] Notwithstanding its waiver analysis, the trial court went on to address the issues the court could decipher from Mother's Rule 1925 statement. (***See id.*** at 13-21).

failure to consider the relevant custody factors, as she purports to argue in her second, third, and fifth issues on appeal.

Further, even if Mother had not waived her issues for failure to properly preserve them in her Rule 1925 statement, they would still be waived for other reasons or otherwise afford her no relief. Significantly, Mother's argument section in her appellate brief does not correspond to the seven issues she purports to raise in her statement of questions presented. *See* Pa.R.A.P. 2119(a) (mandating that argument section be divided into as many parts as there are questions to be argued and shall have at head of each part particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent). More importantly, Mother cites no law in support of issues two, three, four, six, and seven on appeal, rendering those issues waived on that ground. *See id. See also Lackner, supra*; *Estate of Haiko, supra*; *Butler, supra*.

The only issues for which Mother cites any legal authority pertain to the first issue raised in her statement of questions presented (regarding the denial of due process), and the fifth issue raised in her statement of questions presented (regarding the failure to consider the relevant custody factors). Regarding the latter issue, however, any challenge to the custody factors is not appropriate here, where the custody order on appeal was temporary in

nature and not a final, appealable order.[3] ***See*** (Order, 1/20/23); ***J.M., supra***;

***G.B., supra***.

Regarding the first issue complaining that the court denied Mother due

process, the court stated:

> At paragraph 1 of her amended concise statement of errors complained of on appeal, Mother avers that, the court abused its discretion by ruling on evidence that denied her a chance "to give her side of the story" and "prove she was telling the truth," and that the court did not allow her to "present real evidence" and never allowed her to enter to "relevant evidence." The record demonstrates that this issue is without merit as Mother was afforded adequate opportunity to present all relevant, admissible evidence in support of the four petitions pending before the court.
>
> Mother's admissible testimonial and documentary evidence was carefully considered by the court. The court's decision was not influenced by the often-heated courtroom exchanges between Mother and Father's counsel. The court did not act inappropriately in exercising its authority to maintain courtroom decorum and to facilitate the orderly presentation of each party's case. Mother's displeasure with the substance of the court's rulings does not render them reversible error on appeal.

---

[3] The court explained:

> The evidence presented at the hearings held on August 12, 2022 and August 16, 2022, established that Mother has engaged in numerous actions which have caused a disruption in [Child's] receiving therapy and psychological counseling. Providers have declined to provide services to [Child] due to Mother's intrusive actions that were disruptive to the therapeutic process. In order to ensure that [Child] receive counseling, the court determined that special relief was necessary in the award of temporary sole legal custody to Father.

(Trial Court Opinion at 10).

(Trial Court Opinion at 20-21). Our review of the record confirms that the court did not deprive Mother of due process during the relevant proceedings. *See In re Adoption of J.N.F.*, 887 A.2d 775, 781 (Pa.Super. 2005) (stating due process requires opportunity to be heard and chance to defend oneself in impartial tribunal having jurisdiction over matter). *See also* Pa.R.E. 611(a) (stating court has discretion to exercise reasonable control over mode and order of examining witnesses and presenting evidence). Here, the trial court afforded Mother an opportunity to be heard and to present her case, while also keeping order in the courtroom.[4] Therefore, Mother's issues on appeal are waived, not properly before this Court for review, or otherwise afford her no relief.[5] Accordingly, we affirm.

Order affirmed.

---

[4] To the extent Mother complains the court "hid" a petition for contempt that Mother filed on May 16, 2022, the trial court noted that "[t]he failure to list this petition for a hearing along with the three contempt petitions that were listed was inadvertent and Mother will have an opportunity to litigate its merits at a future hearing." (Trial Court Opinion at 4 n.2).

[5] As the trial court properly observed: "Many of the exhibits, testimony, and argumentation presented by Mother are subject to application of the doctrines of law of the case and of collateral estoppel as they had already been considered by the trial court prior to entry of the order of March 19, 2019 and affirmed by the Superior Court at No. 1117 EDA 2019 on January 23, 2020." (*Id.* at 10).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2023